IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| STEVEN GOLIA, | ) |
| Plaintiff, | ) Civil Action No. 3:15CV00008 |
| v. | ) **MEMORANDUM OPINION** |
| DAVID W. THOMAS and<br>DAVID M. BUONCRISTIANI, | ) By: Hon. Glen E. Conrad<br>) Chief United States District Judge |
| Defendants. | ) |

In this diversity action, Steven Golia claims that David Thomas and David Buoncristiani committed legal malpractice in the course of representing him in the case of <u>American Demolition and Nuclear Decommissioning, Inc. v. IBCS Group, Inc.</u>, No. 3:11CV00078 (W.D. Va. filed Dec. 9, 2011) ("the <u>ADND</u> case"). Thomas and Buoncristiani (collectively, "the attorneys") have moved to dismiss Golia's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the court will grant the attorneys' motions, but permit Golia to file a second amended complaint.

## Background

The following facts, taken from Golia's amended complaint, are accepted as true for purposes of the attorneys' motions to dismiss. See <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).

Golia, a New Jersey resident, worked for IBCS Group, Inc. ("IBCS"), a Florida corporation based in Charlottesville, Virginia, from February of 2008 until February of 2012. IBCS is owned and controlled by Edmund Scarborough, an individual surety who resides in Earlysville, Virginia.

In 2009, American Demolition and Nuclear Decommissioning, Inc. ("ADND") retained IBCS to supply a bond in support of a bid for the performance of work at a federal government

project in Aiken, South Carolina ("the Aiken Project"). ADND paid the required bond premium in the amount of $138,005.00.

Prior to being retained to supply the bond, IBCS distributed a marketing brochure to ADND, which indicated that IBCS would "reverse the transaction" if a bond issued by IBCS was rejected by a contracting officer. The marketing brochure also indicated that Scarborough's bonds were "good enough to be approved by the federal government," and that they "may be backed by cash, cash equivalents or readily marketable assets."

The contracting officer at the Aiken Project ultimately rejected the bond that ADND obtained from IBCS. The contracting officer determined that the bond failed to meet certain security and collateral requirements set forth in the Federal Acquisition Regulations ("FAR").

ADND notified IBCS of the contracting officer's decision. IBCS was unable to supply a replacement bond that would satisfy the FAR requirements. Consequently, ADND was forced to purchase another bond from a different surety.

ADND subsequently requested a refund of the $138,005.00 bond premium paid to IBCS. After IBCS failed to provide a refund, ADND filed suit in this court against IBCS, Scarborough, and Golia, asserting a claim of false advertising under Virginia law. The case was assigned to the undersigned district judge.

Immediately after IBCS was served with the complaint, IBCS representatives sought the legal services of Thomas and Buoncristiani. The attorneys agreed to represent IBCS, Scarborough, and Golia. They subsequently filed a joint answer on behalf of all three defendants. The answer did not assert any individual defenses on behalf of Golia.

On January 10, 2014, ADND moved for summary judgment against IBCS, Scarborough, and Golia. Golia claims that the attorneys did not advise him of the filing of the motion, or

consult with him regarding any potential individual defenses or arguments that could have been raised in opposition to the motion.

On May 14, 2014, the court granted ADND's motion for summary judgment. The court entered judgment in favor of ADND, and against Golia, IBCS, and Scarborough, in the amount of $138,005.00, together with post-judgment interest at the statutory rate. Thereafter, the court granted ADND's motion for attorneys' fees, which was not opposed by the defendants.

## Procedural History

Golia filed the instant action against his former attorneys on February 10, 2015. In his amended complaint, Golia claims that a conflict of interest resulted from the attorneys' joint representation of himself, IBCS, and Scarborough, and that the attorneys committed legal malpractice by failing to raise any individual defenses on his behalf. Golia specifically alleges that he was not properly subject to liability under Virginia's false advertising statute for actions taken on behalf of IBCS. By failing to raise this alleged defense, or any other individual defenses, Golia claims that the attorneys "caused the . . . court to enter an order granting summary judgment against [him] individually," and, thus, that he "lost due to counsel's inadequate representation." 2d Am. Compl. ¶¶ 53-54.

In June of 2015, the attorneys moved to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court held a hearing on the motion on September 4, 2015. During the hearing, Golia requested leave to file a second amended complaint.

## Standards of Review

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the plaintiff's complaint, which must contain "a short and plain statement of the claim showing that the pleader is entitled to

3

relief." Fed. R. Civ. P. 8(a); see also Presley v. City of Charlottesville, 464 F.3d 480, 483 (4th Cir. 2006). When deciding a motion to dismiss under this rule, the court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in the plaintiff's favor. Vitol, S.A. v. Primerose Shipping Co., 708 F.3d 527, 539 (4th Cir. 2013). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation and quotation marks omitted). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Rule 15(a) of the Federal Rules of Civil Procedure provides that a complaint may not be amended more than once without leave of court or the opposing party's written consent. Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." Id. "[L]eave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc., 576 F.3d 172, 193 (4th Cir. 2009).

## Discussion

### I. Motions to Dismiss

In order to establish a claim of legal malpractice under Virginia law, a plaintiff must show that his attorneys "failed to exercise 'a reasonable degree of care, skill, and dispatch' in performing the services for which the attorney[s were] employed," and that "such failure was the proximate cause of the [the plaintiff's] loss." Heyward & Lee Constr. Co. v. Sands, Anderson, Marks &

4

Miller, 453 S.E.2d 270, 272 (Va. 1995) (quoting Ortiz v. Barrett, 278 S.E.2d 833, 837 (Va. 1981)); see also Hendrix v. Daugherty, 457 S.E.2d 71, 74 (Va. 1995) ("A mere allegation of negligence or breach of a duty is not sufficient to support an action for legal malpractice. Rather, a plaintiff is required to plead that he sustained damages proximately caused by the attorney's acts and omissions."). As a general rule, both of these issues "are to be decided by a fact finder, after considering testimony of expert witnesses." Heyward & Lee Constr. Co., 453 S.E.2d at 272. "However, when these questions are purely matters of law, they are reserved for determination by a court and cannot be the subject of expert testimony." Id.

As summarized above, Golia specifically claims that the attorneys committed legal malpractice in the ADND case by failing to argue that "no legally cognizable claim . . . existed against him individually," since he was at all times acting as an employee or agent of the corporate defendant, IBCS. Am. Compl. ¶ 25. Golia alleges that that this "compelling defense . . . would have ultimately defeated ADND's false advertising claim against him," and that he "lost due to counsel's inadequate representation." Id. at ¶¶ 53-54.

In moving to dismiss Golia's legal malpractice claim, the attorneys argue that corporate officers and employees, acting on behalf of corporate defendants, can be held personally liable for engaging in false advertising and, thus, that Golia's allegations to the contrary do not provide the basis of a plausible claim of legal malpractice. For the following reasons, the court agrees.

ADND's false advertising claim was filed pursuant to Virginia Code §§ 18.2-216 and 59.1-68.3. Section 18.2-216 makes it unlawful for "[a]ny person, firm, corporation or association" to publish, disseminate, or place before the public a written "advertisement of any sort" that contains "any promise, assertion, representation, or statement of fact which is untrue, deceptive or misleading," if the advertisement is made with the "intent to sell" or "to induce the

5

public" to enter into an obligation. Va. Code § 18.2-216. Section 59.1-68 "subjects the defendant to an action for damages by any person who suffers loss as the result of [a] violation" of § 18.2-216. Henry v. R.K. Chevrolet, Inc., 254 S.E.2d 66, 67-68 (Va. 1979).

Based on the express terms of Virginia Code § 18.2-216, which impose liability upon "any person, firm, corporation, or association" that disseminates a false advertisement with the intent to sell or induce the public to enter into an obligation, the court concludes that corporate officers and employees can be held personally liable for violating the statute. Although the Supreme Court of Virginia has not had the occasion to address this particular issue, it has interpreted similar statutory language to clearly provide for individual liability. In PTS Corp. v. Buckman, 561 S.E.2d 718 (Va. 2002), the Court rejected a corporate officer's argument that only corporate defendants could be held liable under Virginia Code § 8.01-40(A), which creates a cause of action for damages arising from the use of a person's name or picture for purposes of trade or advertising without the person's consent. Based on the "express terms of the statute," which "impose liability upon 'the person, firm, or corporation so using such person's name [or picture],'" the Court held that "any one or more of the three named entities can be liable" and, thus, that the lower court properly overruled the corporate officer's demurrer concerning his personal liability under § 8.01-40(A). PTS Corp., 561 S.E.2d at 723-24.

Relying on the Circuit Court for the City of Norfolk's decision in 313 Freemason v. Freemason Associates, 59 Va. Cir. 407 (Va. Cir. Ct. 2002), Golia argues that the Supreme Court's decision to hold corporate officers individually liable for violations of § 8.01-40(A) was based on the Court's observation that the statutory cause of action is analogous to the common law tort of conversion, rather than the express terms of the statute. See 313 Freemason, 59 Va. Cir. at 416 ("In PTS Corp., the Virginia Supreme Court stated that the officers could be held liable because

6

the court had 'previously held corporate officers liable for their tortuous conduct.' The court is clearly holding the defendants in PTS Corp. liable because the common law tort of conversion underlies the statute they violated.") (quoting PTS Corp., 561 S.E.2d at 723). Since the Supreme Court has previously held that "the statutory cause of action for false advertising is not properly analogized to a common law action for fraud," Parker-Smith v. Sto Corp., 551 S.E.2d 615, 619 (Va. 2001), Golia argues that corporate officers or employees cannot be held individually liable under the false advertising statute based on the statutory language alone.

The court finds Golia's efforts to distinguish PTS Corp., and the lower court decision on which his arguments are based, unpersuasive. In PTS Corp., the Supreme Court made clear that its holding was based on the plain language of the statute at issue. See PTS Corp., 561 S.E.2d at 723 ("[T]he express terms of the statute impose liability upon 'the person, firm, or corporation so using such person's name.'"); Id. at 724 ("Code § 8.01-40(A) . . . requires that a 'person, firm, or corporation' must use the name, portrait, or picture of the plaintiff in order for the plaintiff to recover. Under our statute, any one or more of the three named entities can be liable for 'so using' the plaintiff's name, portrait, or picture."). Although the Court noted that it had previously held corporate officers liable for the commission of common law torts, the Court specifically found it "inconsequential" that Buckman's cause of action was "based on statutory rather than common law." Id. at 723.

The court's reading of PTS Corp. is further supported by the Supreme Court's subsequent decision in VanBuren v. Grubb, 733 S.E.2d 919 (Va. 2012), in which the Court affirmatively answered a certified question from the Fourth Circuit regarding whether individuals can be held liable for wrongful discharge in violation of established public policy. Although the question in VanBuren related to a common law tort, the three dissenting justices -- who recognized that

7

corporate officers can be held individually liable for their own tortious conduct, but disagreed as to whether individuals are capable of committing the specific tort in question -- specifically noted that the Court's previous decision in PTS Corp. was based on the express terms of the statute at issue:

> [I]n PTS Corp. v. Buckman, . . . the statute at issue, Code § 8.01-40(A), imposed liability upon "the person, firm, or corporation" using an individual's name without written consent for advertising or trade purposes. For that reason, we held that the corporate officers, acting as agents of the corporate defendant, could be held liable for their conduct.

VanBuren, 733 S.E.2d at 926 (Kinser, J., dissenting) (emphasis added).

Because Virginia Code § 18.2-216 similarly imposes liability on any "person, firm, corporation, or association" that engages in false advertising, the court concludes that corporate officers or employees, acting as agents of a corporate defendant, can be held individually liable for violating the statute. To the extent Golia alleges that the attorneys acted unreasonably in failing to argue to the contrary, the court agrees with the attorneys that his amended complaint fails to state a plausible claim of legal malpractice. Accordingly, the court will grant the attorneys' motions to dismiss.

## II. Motion to Amend

Prior to the hearing on the attorneys' motions, Golia filed a supplemental brief in which he indicated that there were other personal defenses that should have been raised in the ADND case, but were not raised because of the attorneys' joint representation of himself, IBCS, and Scarborough. Golia orally moved for leave to file a second amended complaint that would set forth these additional defenses and fortify his allegations regarding the conflict of interest that purportedly resulted from the joint representation. Having considered the parties' arguments, the

8

court finds good cause to permit Golia to file a second amended complaint. Accordingly, the court will grant his oral motion.

## Conclusion

For the reasons stated, the court will grant the attorneys' motion to dismiss. However, the court will permit Golia to file a second amended complaint within fourteen days of the date of entry of this memorandum opinion and the accompanying order.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 4th day of November, 2015.

*/s/ Glen Conrad*
Chief United States District Judge